```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Michael R. Smith,              :

    Plaintiff,             :

  v.                           :     Case No. 2:10-cv-1184

                                 :     JUDGE ALGENON L. MARBLEY
Gallia County Sheriff, et al.,       Magistrate Judge Kemp

    Defendants.            :

## OPINION AND ORDER

This civil rights case is before the Court to consider plaintiff Michael R. Smith's motion for leave to file an amended complaint. The motion has been fully briefed. For the following reasons, the motion will be granted in part and denied in part.

### I. Background

Mr. Smith filed this action asserting claims under 42 U.S.C. §1983 and a state law claim for the intentional infliction of emotional distress arising out of his incarceration in the Gallia County Jail from December 30, 2008, through January 6, 2009. In his original complaint, Mr. Smith named as defendants the Gallia County Sheriff's Office and several of its employees including Angela Shriver, Anthony Werry, and Kimberly Blackburn, as well as John and Jane Doe defendants. He alleged that the defendants failed to provide adequate security for him, resulting in his being beaten by other inmates. Further, he claimed that defendants failed to provide him with adequate medical care to treat his injuries and failed to accommodate his inability to eat solid food as a result of his injuries.

In his motion for leave to amend, Mr. Smith seeks to add twelve new defendants in both their individual and official capacities and to name Gallia County Sheriff Joseph R. Browning

in his individual and official capacities.  He also proposes to assert additional factual allegations relating to his §1983 claims including defendants' failure to separate violent and nonviolent offenders, the failure to follow Ohio Minimum Jail Standards, and overcrowding of the Gallia County Jail.  The proposed amended complaint does not contain a claim for the intentional infliction of emotional distress.

The Gallia County defendants oppose the proposed amendments on grounds of futility and prejudice.  According to the defendants, Mr. Smith's proposed amendments are barred by the statute of limitations and do not satisfy the requirements of Fed.R.Civ.P. 15(c) for relation back to the original complaint.

In reply, Mr. Smith argues that the addition of new defendants is proper under the "Imputed Knowledge Doctrine" endorsed by the Sixth Circuit in <u>Berndt v. State of Tennessee</u>, 796 F.2d 879 (6th Cir. 1986).  Further, he contends that the additional factual allegations are proper because they arise out of the same events set forth in the original complaint.

## II.  <u>Legal Standard</u>

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of

itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Sixth Circuit also has identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head

v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989).  The
Court may also consider whether the matters contained in the
amended complaint could have been advanced previously so that the
disposition of the case would not have been disrupted by a later,
untimely amendment.  Id.  It is with these standards in mind that
the instant motion to amend will be decided.

### III.  Analysis

The Gallia County defendants have raised issues of prejudice
and futility in opposing Mr. Smith's motion for leave to amend.
Their primary argument, however, appears to be the futility of
the proposed amendments.  A finding of futility will preclude the
need for the Court's consideration of any prejudice to the Gallia
County defendants arising from Mr. Smith's proposed amendments.
For these reasons, the Court will turn to the issue of futility
first.

There is some conceptual difficulty presented when the
primary basis for a party's opposition to the filing of an
amended pleading is that the pleading is futile, *i.e.* that it
fails to state a claim upon which relief can be granted.  A
Magistrate Judge cannot ordinarily rule on a motion to dismiss,
see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to
amend on grounds that the proposed new claim is legally
insufficient is, at least indirectly, a ruling on the merits of
that claim.

At least where the claim is arguably sufficient, it is
usually a sound exercise of discretion to permit the claim to be
pleaded and to allow the merits of the claim to be tested before
the District Judge by way of a motion to dismiss.  Even a
District Judge may choose to adopt this approach: "The trial
court has the discretion to grant a party leave to amend a
complaint, even where the amended pleading might ultimately be
dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of

Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow. Here, however, the legal insufficiency of at least some of the proposed amendments is readily apparent.

The focus of the Gallia County defendants' futility argument is that any claims asserted against the defendants whom Mr. Smith wishes to add would be barred by the two-year statute of limitations applicable to §1983 claims brought in Ohio. The Gallia County defendants are correct that a two-year statute of limitations applies to all of Mr. Smith's claims. Consistent with the Supreme Court's holdings in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Sixth Circuit has held that the two-year limitations period set forth in R.C. §2305.10 applies to §1983 actions brought in Ohio. Browning v. Pendleton, 869 F.2d 989, 991-992 (6th Cir. 1989); Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003). Further, the limitations period typically "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Kuhnle Bros. Inc. v. County of Geauga, 103 F.3d 516, 520 (6th Cir. 1997). The Gallia County defendants contend that, from the face of the complaint, Mr. Smith had knowledge of the events giving rise to his claim when they occurred on December 30, 2008. Consequently, they assert that the statute of limitations expired on or around December 30, 2010, nearly six months before Mr. Smith sought leave to amend his complaint.

Mr. Smith does not dispute either the length of the

applicable statute of limitations or that it began to run with respect to his claims on December 30, 2008. Instead, Mr. Smith's argument, as set forth solely in his reply brief, appears to be that under the "imputed knowledge doctrine" the statute of limitations has not run with respect to the proposed new defendants. Further, although not framed specifically in terms of Fed.R.Civ.P. 15(c), Mr. Smith asserts that the new factual allegations in the proposed amended complaint "arise out of the same conduct transaction, or occurrence" identified in the original complaint. In essence, Mr. Smith contends that his proposed amended complaint is not futile because it relates back to the original complaint.

The issue of relation back was recently addressed at great length by Judge Rice in <u>DeBois v. Pickoff</u>, 2011 WL 1233665 (S.D. Ohio March 28, 2011). As explained by Judge Rice, when an amended complaint is found to relate back, newly added defendants or claims are included "as if they had been part of the case from the beginning." <u>Id</u>. <u>citing</u> <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 220 (3d Cir. 2003).

Fed.R.Civ. P.Rule 15(c) governs whether an amendment will relate back, and provides as follows:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and

>complaint, the party to be brought in by amendment
>
>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Further, the plaintiff bears the burden of demonstrating that the requirements of Rule 15(c) have been met.  <u>DeBois</u>, at *5 <u>citing</u> <u>Dodson v. Hillcrest Secs.</u>, 95 F.3d 52, 1996 WL 459770 (5th Cir. July 24, 1996).

In this case, neither Mr. Smith nor the Gallia County defendants argue that there are any statutory grounds for relation back as required by Rule 15 (c)(1)(A).  Consequently, the Court's discussion will be limited to addressing whether Mr. Smith's proposed complaint meets the requirements of either subsection 15(c)(1)(B) or (C).  As made clear by its language, "Rule 15(c)(1)(B) applies to an amendment that does not alter the parties, and requires only that such an amendment assert a claim or defense that arises out of the same 'conduct transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" <u>DeBois</u>, at *5.  On the other hand, Rule 15(c)(1)(C) addresses amendments seeking a change in parties or the naming of parties.  <u>Id</u>.  In his proposed amended complaint, Mr. Smith seeks to do both - to add factual allegations to his current claims and name twelve new defendants as well as name the Gallia County Sheriff in his individual and official capacities.  Consequently, Mr. Smith must satisfy the requirements of Rule 15(c)(1)(B) and (C).  However, as noted by Judge Rice in <u>DeBois</u>, "an attempt to change parties would, by itself, require the same result, because 15(c)(1)(C) incorporates 15(c)(1)(B)'s requirement of continuity in the 'conduct transaction or occurrence' set out in the two pleadings."  <u>Id</u>., at *5.

Consistent with the requirements of Rule 15, the Gallia County defendants have differentiated between relation back of the proposed new factual allegations and the proposed defendants. Accordingly, the Court will turn first to the issue presented by Mr. Smith's proposed factual allegations - whether the proposed factual allegations arose out of the conduct, transaction, or occurrence set out in the original complaint as required by Rule 15(c)(1)(B). As explained by the Court in DeBois, the Sixth Circuit has provided guidance on the same "conduct, transaction or occurrence" issue as follows.

> This court has stated that "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " Moore v. Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)). Thus, a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. See Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973) ("where the parties are the same, ... an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint."); Koon v. Lakeshore Contractors, 128 F.R.D. 650, 653 (W.D. Mich. 1988) ("an added theory of liability for the same occurrence may relate back." (citing Hageman)), aff'd without opinion, 486 F.2d 479, 889 F.2d 1087, (Table)1989 WL 137151 (6th Cir. Nov. 15, 1989); see also 6A Wright et al., Federal Practice and Procedure § 1497, at 94–95, 98–99 (1990 & Supp. 2000) ("an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in ... Rule 15(c)."). Likewise, "an amendment that alleges added events leading up to the same injury may relate back." Koon, 128 F.R.D. at 653 (citing Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465 (1945)).

Id. at *7 quoting Miller v. American Heavy Lift Shipping, 231 F.3d 242, 249 (6th Cir. 2000). Further, the Sixth Circuit has explained that, "'when applying this standard to the facts of a

8

given case, we give meaning to those terms 'not by generic or ideal notions of what constitutes a 'conduct, transaction, or occurrence,' but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading.'" DeBois, at *7 quoting Hall v. Spencer County Kentucky, 583 F.3d 930, 934 (6th Cir. 2009)(internal citation omitted).

    Mr. Smith's proposed new and additional factual allegations are found primarily in paragraphs 48, 55, and 56 of his proposed amended complaint.  These allegations relate to a violation of Mr. Smith's civil rights under §1983 as a result of the failure to separate Mr. Smith from violent inmates, the failure to follow jail policies and procedures, and violations of Ohio's Minimum Jail Standards as a result of overcrowding at the Gallia County Jail.  Neither party sets forth detailed argument with respect to the proposed amendment to include these allegations.  Mr. Smith's argument can best be summarized as asserting that this conduct was occurring during the time period of his incarceration and that the Gallia County defendants had to have been aware of such unlawful conduct, and that, therefore, the allegations relate back.  In response, the Gallia County defendants make the circular argument that these new allegations would not relate back because the statute of limitations has expired.  They also suggest, although it appears to be in connection with an assertion of prejudice, that they were not given adequate notice of the matters set forth in the amended complaint.

    Mr. Smith's original complaint and the proposed amended complaint "are based on the same nexus of facts and actions as the original complaint" as they both allege violations of Mr. Smith's constitutional rights under §1983 arising from the conditions of the Gallia County Jail during Mr. Smith's

9

incarceration in December, 2008.  Hall, 583 F.3d, at 934.  While the allegations in the amended complaint may be somewhat different, any defendant would be on notice that the issue was the treatment and conditions Mr. Smith endured while an inmate in the Gallia County Jail.  As the Seventh Circuit explained in Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 573 (7th Cir. 2006) "[t]he criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one."  Keeping in mind the Sixth Circuit's instruction that Rule 15 is to be construed with "liberality instead of technicality," see Miller, 231 F.3d at 248, the Court believes that the Seventh Circuit's explanation fittingly describes the situation presented here.  As a result, the Court finds that Mr. Smith sufficiently has argued that the requirements of Rule 15(c)(1)(B) are satisfied with respect to the additional factual allegations set forth in his proposed amended complaint.  Consequently, the motion for leave to amend, to the extent it seeks to include additional factual allegations, will not be denied on grounds of futility.

The Court will now turn to the issue of Mr. Smith's proposal to add additional defendants.  As noted above, in addition to the same transaction or occurrence requirement, a plaintiff seeking to change the defendants to be sued must show that the requirements of Rule 15(c)(1)(C) are satisfied.  DeBois, at *8.  The Supreme Court has set forth the following criteria for relation back where there is a change in parties:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake

>concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

<u>Id</u>. <u>quoting</u> <u>Schiavone v. Fortune</u>, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

In their response, the Gallia County defendants distinguish between the twelve new defendants sought to be named and the proposed naming of the Gallia Sheriff in his individual capacity and official capacities. With respect to the new defendants, they assert, relying on <u>Asher v. Unarco Material Handling, Inc.</u>, 596 F.3d 313, 318-19 (6th Cir. 2010), that adding a new party, rather than correcting a mistake, creates a new cause of action and does not relate back to the original filing. They argue that this is so even if "John Doe" defendants have been named in the original complaint. Further, the Gallia County defendants contend that the proposed new defendants did not receive any notice of Mr. Smith's suit. At the same time, they claim that any proposed amendment naming Sheriff Browning in his individual capacity should be denied based on the holding of <u>Lovelace v. O'Hara</u>, 985 F.2d 847 (6th Cir. 1993).

Turning first to the issue of notice, Mr. Smith asserts that the notice requirement of Rule 15(c)(1)(C) has been satisfied as a result of the imputed knowledge doctrine recognized by the Sixth Circuit in <u>Berndt v. State of Tennessee</u>, 796 F.2d 879, 884 (6th Cir. 1986). This issue was raised for the first time in his reply. A party may not ordinarily raise a new issue in a reply because the opposing party has no opportunity to respond. <u>See</u>, e.g., <u>Hamilton v. Astrue</u>, 2010 WL 1032646, *6 (N.D. Ohio March 17, 2010) ("A [party] cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of [those new] arguments"). The Gallia County defendants have filed a motion

for leave to file instanter a sur reply to address the imputed knowledge doctrine.  Although the Gallia County defendants have indicated in the motion for leave that Mr. Smith opposes the filing of a sur reply, he has not filed any opposition with the Court.  Because, for the reasons that follow, even assuming that the notice requirements of 15(c)(1)(C)(i) have been satisfied as Mr. Smith contends, his proposed amendment to add new defendants cannot succeed, the Court will not address the issue of the imputed knowledge doctrine and will deny as moot the motion for leave to file a sur reply.

AS discussed above, Rule 15(c)(1)(C) addresses an amendment that "changes a party or the naming of the party against whom a claim is asserted."  The Sixth Circuit, however, has narrowly construed what alterations can be considered a "change" in parties.  As explained in DeBois,

> courts in this Circuit have allowed relation back where a new party is *substituted* for an old one, they consistently have held that when "[t]he effect of Plaintiff's amendment is to *add* another party[,]" it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co., 359 F.2d 521, 523 (6th Cir. 1966) (emphasis added).

Id. at *10.

The Asher case on which the Gallia County defendants rely reaffirms that "the type of 'changes' permitted [by Rule 15(c)] are limited to corrections of misnomers or misdescriptions" and "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" Debois, at *10 quoting Asher, 596 F.3d at 318.  Sixth Circuit precedent has consistently held "that a Rule 15(c)

12

'change' in parties requires a one-for-one substitution, and that the addition of new parties alongside those that are already part of the action precludes relation back to the original complaint." Id. Here, Mr. Smith's proposed amendment does not seek a one-for-one substitution. Rather, the proposed amendment seeks to add twelve new defendants beyond those named in the original complaint. This is precisely the type of proposed amendment the Sixth Circuit has found creates a new cause of action and does not relate back to the original filing for statute of limitations purposes.

Further, as the defendants contend, to the extent that Mr. Smith may be attempting to name defendants initially identified as "John Doe," a different result is not required here. While the defendants are correct, this does not appear to be Mr. Smith's intention here. Mr. Smith has not responded directly to this argument and, in fact, continues to name John Doe defendants in his proposed amended complaint. Regardless, the well-established Sixth Circuit precedent holds that naming a "Doe" defendant is not a substitution of parties to which Rule 15(c) applies. Cox v. Treadway, 75 F.3d 230 (6th Cir. 1996). In Cox, the Court of Appeals held that such an action is a "change of parties, not a mere substitution of parties," and that "the requirements of Rule 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." Id. at 240. Further, the Sixth Circuit in Cox also concluded that replacing a "Doe" party with a named party can never satisfy those requirements, because naming a "Doe" party instead of the actual party is not a "mistake concerning the proper party's identity" - an absolute prerequisite to the application of Rule 15(c).

For all of the reasons set forth above, Mr. Smith has failed to meet the requirements of Rule 15(c)(1)(C) with respect to the

13

proposed new defendants. Consequently, there is no argument to be made that would allow Mr. Smith to add these additional defendants and his motion for leave to amend will be denied to the extent that it seeks to do so.

This brings the Court to Mr. Smith's final proposed amendment – naming Joseph R. Browning, the Gallia County Sheriff, in his individual and official capacities. In the caption of the original complaint, Mr. Smith named the "Gallia County Sheriff c/o Joseph R. Browning Gallia County Sheriff" as a defendant although the allegations of the complaint suggest that the Gallia County Sheriff's Department is intended as the defendant. The Gallia County defendants, however, have construed the original complaint as naming Sheriff Browning as a defendant in his official capacity and have construed the amendment as proposing to add only an individual capacity claim against Sheriff Browning. Accordingly, as previously noted, they have separated Sheriff Browning from the other proposed defendants and frame their argument with respect to him in terms of mistake and knowledge under Rule 15(c)(1)(C)(ii) as opposed to a change in parties under Rule 15(c)(1)(C) as discussed above. While, ultimately, it will be a distinction without a difference, construing the complaint in this way for purposes of the current motion is more favorable to Mr. Smith. Consequently, the Court will construe the original complaint in this way as well.

The Gallia County defendants oppose this proposed amendment asserting that in order for Sheriff Browning now to be named in his individual capacity, he must have known or should have known that, but for a mistake in identity, he would have been named as a defendant in his individual capacity in the original complaint. The Gallia County defendants rely on Lovelace v. O'Hara, 985 F.2d 847 (6th Cir. 1993) in support of their position that no such mistake in identity was made here. Mr. Smith has not addressed

14

the issues raised by the Gallia County defendants' reliance on Lovelace.

The Sixth Circuit has explained its holding in Lovelace as follows.

> [T]he plaintiff originally sued an individual police officer in his official capacity. After the statute of limitations had expired, the plaintiff attempted to amend her complaint to name this same officer in his individual capacity to avoid sovereign immunity. Lovelace, 985 F.2d at 848-849. In dismissing her complaint, we rejected the plaintiff's argument that the amended complaint related back to the original one under Rule 15(c). We explained, "the complaint evidences an intentional choice by [the plaintiff's] attorney to bring an official capacity suit. That such a choice may not have been wise, is insufficient to invoke relation back of the amendment under [Rule 15(c)]." Id. at 850-51.
>
> In Lovelace, [], the plaintiff named the *exact same individual* in the amended complaint, and was only changing the capacity in which that individual was being sued. Accordingly, it was not possible for the plaintiff to argue that she had made a "mistake concerning the *identity* of the proper party."

Black-Hosang v. Ohio Dept of Public Safety, 96 Fed. Appx. 372, 376 (6th Cir. 2004) (emphasis in original).

Here, construing Mr. Smith's original complaint as naming Sheriff Browning in his official capacity, the scenario presented is similar to that presented in Lovelace – the only difference being that Mr. Smith is not seeking to abandon the claims against Sheriff Browning in his official capacity or, to state it more accurately, the claims against the Sheriff's Department. See Smith v. Leis, 407 Fed.Appx. 918, 927 (6th Cir. 2011) quoting Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) ("'[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent.") The original complaint unequivocally demonstrates Mr. Smith's intention to bring an official capacity suit. Paragraph 2 of the original complaint

15

states:

> Defendant Gallia County Sheriff's Office (hereinafter referred to as "Gallia County Sheriff" or "Defendant Gallia County Sheriff") is a political subdivision of the State of Ohio and at the time of the events in questions (sic) was the employer of Defendant Angela Shriver, Defendant Anthony Werry, Defendant Kimberly Blackburn and Defendant John and Jane Doe #1-10.

Further, the substantive allegations directed to the Gallia County Sheriff include the following:

> 42. The violation of Plaintiff's constitutional and civil rights as described herein was the direct result of the Gallia County Sheriff's custom, practice and/or policy in that Gallia County Sheriff Deputies are inadequately and/or improperly trained, and inadequately and/or improperly supervised. In failing to adequately and properly train and/or supervise its employees and/or deputies to ensure they adhere to proper policy and/or procedures, Defendants Gallia County Sheriff acted with deliberate indifference toward the constitutional rights of Plaintiff and other citizens.
>
> 43. Because of its policies, procedures, patterns, practices, and customs including, but not limited to, training, supervision, investigation, and discipline of Gallia County Sheriff Deputies, Gallia County Sheriff is liable to Plaintiff pursuant to 42 U.S.C. §1983.

These allegations are precisely the type of allegations generally made in an attempt to subject a governmental entity to liability either directly or through an official capacity claim. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Gregory v. City of Louisville, 444 F.3d 725, 752 (6th Cir. 2006). Based on these allegations, the Court is not convinced that Sheriff Browning reasonably would have believed "that he was being sued in his personal capacity or that, but for a mistake concerning identity, the suit would have been against

him personally." Lovelace, at 851.  The United States Supreme Court has recently made clear that "[t]he only question under Rule 15(c)(1)(C)(ii) ... is whether [a defendant] knew or should have known that, absent some mistake, the action would have been brought against him." Krupski v. Costa Crociere S. p. A., __ U.S. __, 130 S.Ct. 2485, 2494, 177 L.Ed.2d 48 (2010).  Mr. Smith does not address the issues relating to Sheriff Browning separately from the other proposed defendants.  As a result, he has raised no issue of mistake, instead relying solely on his imputed knowledge argument.  Consequently, there is no argument to be made that Mr. Smith has satisfied the requirements of Rule 15(c)(1)(C)(ii) for relation back with respect to his proposed amendment to add Sheriff Browning as a defendant in his individual capacity.

In reaching this conclusion, the Court notes that, because Mr. Smith's proposed amended complaint continues to name the Sheriff's Department as a defendant, this case is easily distinguishable from Black-Hosang, quoted above, in which the Sixth Circuit found a mistake of identity.  In that case, Ms. Black-Hosang sued the State of Ohio Department of Public Safety. Following the Department's motion to dismiss on grounds of sovereign immunity, she sought to amend her complaint to name an individual police officer as the defendant.  In contrasting the situation in Black-Hosang from that in Lovelace, the Sixth Circuit stated,

> Black-Hosang was mistaken about the identity of the proper party.  She erroneously sued the Department when she should have sued the individual officer. Lovelace itself recognized this distinction.

This simply is not the situation presented here.  Mr. Smith has not argued that he is seeking to name Sheriff Browning in his individual capacity to correct any "misidentification" of the Sheriff's Department as a defendant.  Because Mr. Smith has not

17

made such an argument, nor have the Gallia County defendants raised any issue, the Court need not address, in the context of the current motion, any issue regarding the status of the Sheriff's Department as a defendant in this case.

Further, were the Court to consider the imputed knowledge doctrine as argued by Mr. Smith, a different result also would not be required. There is a distinction between the notice requirement of Rule 15(c)(1)(C)(i) and the mistake requirement of Rule 15(c)(1)(C)(ii). Bradford v. Bracken County, 767 F.Supp.2d 740, 748 (E.D. Ky. 2011) citing Burdine v. Kaiser, 2010 WL 2606257 (N.D. Ohio June 25, 2010). Even if Sheriff Browning had notice that Mr. Smith might bring suit against him in his individual capacity, adding him as a defendant in that capacity relates back only if Sheriff Browning knew that it was because of a mistake that he was not sued individually. As discussed above, that is not the situation presented by this case. As a result, "[t]he imputed knowledge doctrine [would] not help [Mr. Smith] maneuver around the statute of limitations...." Id. quoting Burdine, at *3.

In summary, Mr. Smith has no colorable argument that his proposed amendment to name twelve additional defendants satisfies the requirements of Rule 15(c)(1)(C) for relation back. Similarly, he can make no such argument that his proposed amendment to add Sheriff Browning as a defendant in his individual capacity has met the requirements of Rule 15(c)(1)(C)(ii). Consequently, the motion for leave to amend will be denied, on grounds of futility, to the extent that it seeks to name additional defendants or name Sheriff Browning in his individual capacity.

However, as discussed above, the Court will not deny Mr. Smith's motion for leave to amend, to the extent that it seeks to add factual allegations, on grounds of futility. This brings the

18

Court to the issue of prejudice raised by the Gallia County defendants.  Their bare assertions of prejudice with respect to the proposed amendment to add factual allegations are that such allegations would require "other sources of proof," that they were not given "adequate notice" of these new allegations, and that evidence "is likely to have grown stale."  In light of the liberal standard of Rule 15, the Court finds these conclusory assertions insufficient to demonstrate any meaningful prejudice.  The Gallia County defendants have not argued, let alone demonstrated, that they will be required to expend significant additional resources to conduct discovery and prepare for trial in the event this proposed amendment is allowed or that allowing the proposed amendment would significantly delay the resolution of this action.  As a result, the Gallia County defendants have failed to set forth seriously any claim of prejudice.  Consequently, the motion for leave to amend will be granted to the extent that it seeks to add new factual allegations.

### IV.   Conclusion and Order

For the above reasons, the plaintiff's motion for leave to file an amended complaint (#12) will be granted in part and denied in part as set forth above.  Plaintiff shall file a first amended complaint consistent with this order within seven days.  The motion for leave to file a sur reply (#15) is denied as moot.

### V.   Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.

The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

>　/s/ Terence P. Kemp
>　United States Magistrate Judge